DAVIS, APPELLANT, *v*. REGISTRAR OF SAN JUAN, RESPONDENT.

## Appeal from a Decision of the Registrar of Property Refusing to Cancel a Mortgage.

### No. 463.—Decided May 21, 1920.

RECORD OF TITLE—CANCELATION OF MORTGAGE—TENDER OF PAYMENT—DEPOSIT—JURISDICTION.—In this case, knowing of the death of the mortgagee's wife, the mortgagor instituted *ex parte* proceedings in the district court for the cancelation of the mortgage, asking leave to deposit the balance due on the mortgage created in favor of the husband while the wife was living, and obtained an order for the cancelation of the mortgage. The cancelation was denied and an appeal having been taken from that decision, it was *Held:* That as the proceeding brought by the mortgagor was not that for deposit governed by sections 1144 *et seq.* of the Civil Code, because it does not appear that notice of the deposit was given to the interested persons or that the court approved the same, the decision of the registrar must be sustained inasmuch as the court acted without jurisdiction in ordering the cancelation of the mortgage without giving notice or a hearing to the widower and the heirs of the deceased wife.

The facts are stated in the opinion.

*Mr. O. M. Wood* for the appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the *ex parte* proceeding instituted by Michael Davis for the cancelation of a mortgage the District Court of San Juan, Section 2, made the following order:

"By his attorney, O. M. Wood, the petitioner has filed a duly verified motion in this case for leave to deposit in the clerk's office of this court the sum of $943.75, now due and owing to the spouses Henry and Hannah Redinger as the balance of the amount of a mortgage for $3,800 created in their favor by the petitioner and his wife on a rural property belonging to them, which is described as follows:

" 'Rural property of 17.5 acres in the ward of Pugnado of Vega Baja, bounded on the north by lands of Ruperto Laureano; on the east by lands of Francisco Crespo; on the south by lands of Arlington W. Houck, and on the west by the highway leading from Vega Baja to Morovis.'

"It has been shown to the satisfaction of the court that the petitioner has paid to the Redinger spouses $3,800, the amount of the

mortgage, together with interest to date at the stipulated rate of seven per cent per annum.

"It has been shown also that Redinger's wife died in the United States, for which reason the documents signed by Henry Redinger only, authorizing Herman L. Cochran, vice-president of the American Cononial Bank, to execute a deed for the cancelation of the said mortgage, do not meet the statutory requirements in force in Porto Rico and therefore are insufficient to secure the cancelation of the said mortgage in the registry of property, wherefore the petitioner has been compelled to ask this court for the necessary authorization for the cancelation of said mortgage.

"The record of this proceeding has been submitted to the district attorney who is of the opinion that all the statutory requirements have been complied with and does not oppose the approval of the said proceeding.

"Therefore the court orders that the Registrar of Property of the Second Division of the District of San Juan cancel the mortgage created on the said property in favor of the spouses Henry and Hannah Redinger for the sum of $3,800 and recorded at page 21 of volume 13 of Vega Baja, so that the said property belonging to Michael Davis, the petitioner, may be freed of said encumbrance, the $948.75 to remain in the custody of the clerk of this court until the mortgagees may establish their right thereto and be given leave to dispose thereof by a subsequent order of this court, without special imposition of costs."

A certified copy of that order was presented to the Registrar of Property of San Juan, Section 2, and he refused to enter the cancelation on the grounds that under article 82 of the Mortgage Law a record or cautionary notice made by virtue of a public instrument can be canceled only by a final order from which no appeal for its annulment or reversal is pending, or by another instrument or authentic document in which the person in whose favor the record or entry may have been made, or his assigns or legal representative, signify their consent to the cancelation, and that the document presented is merely an order made in an *ex parte* proceeding instituted by the mortgagor, without any showing therein

that the mortgagees or their assignees had been summoned, or that the court had acquired jurisdiction over them, or that they appeared in the said proceeding, and because, it appearing from the said order that mortgagee Hannah Redinger has died and her interest in the said credit has therefore passed to her heirs, it is not shown who are her heirs or whether they were given an opportunity to be heard in the proceeding.

From the wording of the order herein transcribed it appears that the appellant, knowing of the death of the mortgagee's wife, whose consent is necessary for the cancelation of the mortgage, instead of obtaining the consent of her heirs brought an *ex parte* proceeding for the cancelation of the mortgage and deposited the balance of the debt, which is not the proceeding for deposit provided for by section 1144 *et seq.* of the Civil Code, for it does not appear that notice of the so-called deposit was given to the parties in interest as required by section 1146, or that the court approved the same for the purpose of ordering the cancelation in accordance with section 1148. This is an *ex parte* proceeding in which an order is made for the cancelation of a mortgage without notifying or hearing the surviving mortgagee or the heirs of his deceased wife; therefore the court acted without jurisdiction in ordering the cancelation of the mortgage created in favor of the Redinger spouses and that lack of jurisdiction is the basis of the decision of the registrar.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.